**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2017

LETTER TO COUNSEL

      RE:    *Tina Marie Rising v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-3053

Dear Counsel:

    On September 1, 2016, Plaintiff Tina Rising petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

    Ms. Rising filed her claim for benefits on September 11, 2012, alleging a disability onset date of August 22, 2012. (Tr. 175-83). Her claim was denied initially and on reconsideration. (Tr. 112-17). A hearing was held on December 3, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 40-78). Following the hearing, the ALJ determined that Ms. Rising was not disabled within the meaning of the Social Security Act. (Tr. 17-35). The Appeals Council ("AC") denied Ms. Rising's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Ms. Rising suffered from the severe impairments of "lupus anticoagulant positive; synovitis; undifferentiated connective tissue disease; and a mood disorder (depression) secondary to a general medical condition." (Tr. 22). Despite these impairments, the ALJ determined that Ms. Rising retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) in so much as she can lift and carry ten pounds occasionally, less than ten pounds frequently; stand and walk two hours; sit six hours in an eight hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl. Work is limited to simple, routine and repetitive tasks with only occasional decision making and judgment, only occasional changes to the work setting, and occasional interaction with the general public.

*Tina Rising v. Commissioner, Social Security Administration*
Civil No. SAG-16-3053
July 17, 2017
Page 2

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Rising could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 30-31).

Ms. Rising raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to adequately explain her conclusion that Ms. Rising had "moderate" limitations in concentration, persistence, or pace. Pl. Mot. 1-8. Each argument lacks merit and is addressed below.

Beginning with *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

*Tina Rising v. Commissioner, Social Security Administration*
Civil No. SAG-16-3053
July 17, 2017
Page 3

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Even so, the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.*

In the instant case, the ALJ found Ms. Rising to have "moderate difficulties" maintaining concentration, persistence, or pace. (Tr. 24). In making this finding, the ALJ noted that Ms. Rising "was able to maintain attention and answer questions throughout the hearing," and demonstrated "goal directed" thought processes and "average…knowledge and intelligence" on examination. *Id.* The ALJ also noted that Ms. Rising was able to "spell backwards, remember three out of three items after a five-minute delay, and follow three-step commands." *Id*. Moreover, the ALJ noted that "[Ms. Rising] filled out her disability function report at Exhibit 3E, which contains detailed descriptions and long narratives," and cited Ms. Rising's daily activities, including "read[ing] the [newspaper]," and "watching movies on television." *Id.* However, the ALJ also noted that Ms. Rising "sometimes is sidetracked during a movie," and was unable to do "serial counting" on examination. *Id.*

Regardless, the present case is distinguishable from *Mascio*, and thus does not require remand, because the ALJ provided adequate explanation of how Ms. Rising's RFC assessment accounts for her "moderate difficulties" in concentration, persistence, or pace. Notably, the ALJ found that "[Ms. Rising's] moderate concentration difficulties [] result from her combined physical pain and depression[.]" (Tr. 29). However, the ALJ cited the State consultants' determination that, despite her limitations, Ms. Rising "could concentrate, attend and persist on simple tasks for at least two-hour periods," or within customary work tolerances with breaks.[1] *Id*. This restriction adequately addresses Ms. Rising's "moderate difficulties" in concentration, persistence, or pace, and her ability to sustain work throughout an eight-hour workday. *See Baskerville v. Colvin*, No. 3:14CV423, 2015 WL 5786488, at *13-*14, n. 6 (E.D. Va. Sept. 30, 2015) (RFC limitation providing that claimant "could sustain concentration towards such tasks for two-hour segments (or within customary work tolerances with breaks)" was not error under *Mascio*). Thus, the ALJ explained the reason for her finding of a moderate limitation and discussed why Ms. Rising's moderate difficulties did not translate into further restrictions in the

---

[1] SSR 96-9p provides that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks.

*Tina Rising v. Commissioner, Social Security Administration*
Civil No. SAG-16-3053
July 17, 2017
Page 4

RFC. *Beckman v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-2022, 2017 WL 1316920, at *3 (D. Md. Apr. 7, 2017). Accordingly, under the analysis here, remand under *Mascio* is unwarranted.

Second, Ms. Rising contends that the ALJ failed to adequately explain her conclusion that Ms. Rising had "moderate" limitations in concentration, persistence, or pace. Pl. Mot. at 6-7. Specifically, Ms. Rising argues that the ALJ's "explanation of her finding that [Ms. Rising] had moderate difficulties with concentration, persistence, or pace undermines her finding that [she] had moderate limitations." *Id.* at 6. To support her assertion, Ms. Rising notes that the ALJ cited some evidence suggesting "mild," as opposed to "moderate" limitations in concentration, persistence, or pace. *Id.* (citing (Tr. 24)) (noting that the ALJ cited "[Ms. Rising's] ability to maintain attention and answer questions at her hearing, her ability to complete her disability forms, her ability to watch television and read the newspaper, and her relatively normal findings on her mental status examination."). However, contrary to Ms. Rising's assertion, the ALJ adequately explained her conclusion that Ms. Rising had moderate limitations in concentration, persistence, or pace. Most significantly, the ALJ cited the State agency psychiatric consultants' determination that "Ms. Rising's affective disorder created moderate limitations in concentration, persistence and pace[.]" (Tr. 29). In assigning their opinions "great weight," the ALJ noted that "the[ir] assessments accommodate [Ms. Rising's] moderate concentration difficulties that result from her combined physical pain and depression[.]" *Id.* Additionally, the ALJ credited Dr. Taller's determination that Ms. Rising's "sustained concentration and persistence were diminished," and noted the impact of her depression on her mental functioning. *Id.* Moreover, in her application of the special technique, the ALJ noted that Ms. Rising "appeared emotionally disturbed" at her consultative examination and was not able to "do serial counting when asked." (Tr. 24). Accordingly, the ALJ cited substantial evidence to support her finding that Ms. Rising maintained "moderate" limitations in concentration, persistence, or pace. Remand is therefore unwarranted on this basis.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge